FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 06 2011 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JAMES MCGILL, RICARDO LIMAGE, BRYANT
SHEPPARD, KENNETH CAMPBELL, PIERRE
CHANDLER, BERNARD KING, ANDREW BYNUM,
TROY C. WALLACE, BLAKE CHAMBERS,

                Plaintiff,        **ORDER**
                                                11-CV-4946 (SJF) (WDW)

       -against-

VINCENT DEMARCO, Sheriff of Suffolk County,

                Defendant.
----------------------------------------------------------------X

FEUERSTEIN, District Judge:

I. Introduction

On October 11, 2011, the incarcerated pro se plaintiffs brought this action pursuant to 42 U.S.C. § 1983 against Suffolk County Sheriff Vincent DeMarco ("defendant"). Plaintiffs James McGill, Ricardo Limage, Bryant Sheppard, Kenneth Campbell, Pierre Chandler, Bernard King, Andrew Bynum, Troy C. Wallace, and Blake Chambers have filed applications to proceed in forma pauperis. [Docket Entries No. 2, 6, 9, 11, 13, 15, 17, 19, 21].[1]

II. The Complaint

Plaintiffs' brief, handwritten complaint, submitted on the Court's Section 1983 complaint

---

[1] By order dated October 25, 2011, the claims by former plaintiff Russell DeFreitas were dismissed. [Docket Entry No. 26].

form, appears to have been completed and signed by plaintiff McGill. McGill alleges the following for his "Statement of Claim":

> Weeks delay oR Not recieving any mail, housing unit extremely cold, Rats and spiders all over the place, toilets back up feces, shower drains back up raw sewage, rusty water out of sinks and showers, black mold all over the central air system, food portions small and poor quality, especially tomato sauce, No hot breakfast meals, shoes hurt our feet, under constant fear and threat of physical violence, there are no constructive amount of programs to aid in rehabilitation and pre-release support for the majority of the population to help reduce the return to jail, the only concern in creating more room for incarcation. Pour rain and condensation water from roof.

Compl. at ¶ IV (spelling, capitalization and grammatical errors have not been corrected or noted).

The section of the complaint form that calls for a description of any claimed injuries, any medical treatment required, and whether such medical treatment was received is left blank. Id. at ¶ IV.A.

McGill seeks $500,00.00 for each plaintiff, as well as:

> Injunctive relief in the form of toilet, shower drain repairs, purify the water system to remove rest, add filters to shower and sink faucet, allow us to wear our personal shoes and have new ones recieved, exterminate rats and spiders, remove black mold, create a big portion, better quality variety of meals, including daily hot breakfast, especially in the winter, issue two extra blankets per an inmate and pillows, fix pouring water from roof.

Id. at ¶ V (spelling, capitalization and grammatical errors have not been corrected or noted).

Each plaintiff other than McGill simply alleges that his claims are "the same as plaintiff James McGill."

III. Discussion

    A.    In Forma Pauperis Applications

Upon review of the declarations in support of the applications to proceed in forma pauperis by the remaining plaintiffs, the Court determines that the plaintiffs' financial status qualifies them to commence this action without prepayment of the $350.00 filing fee. See 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, plaintiffs' requests to proceed in forma pauperis are GRANTED.

    B.    The Prison Litigation Reform Act

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner complaint sua sponte if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007); see also Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under the Prison Litigation Reform Act, sua sponte dismissal of frivolous prisoner complaints is not only permitted but mandatory).

Similarly, the in forma pauperis statute requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28

3

U.S.C. § 1915(e)(2)(B)(i-iii). See Abbas, 480 F.3d at 639 (finding both Section 1915 and Section 1915A to be applicable to a prisoner proceeding in forma pauperis); Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004).

It is axiomatic that district courts are required to read pro se complaints liberally, see Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L.Ed.2d 1081 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L .Ed.2d 251 (1976)); Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest[].'" Chavis, 618 F.3d at 170 (quoting Harris v. City of New York, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. Sept. 2010); see also Jackson v. Birmingham Board of Education, 544 U.S. 167, 171, 125 S. Ct. 1497, 161 L. Ed.2d 361 (2005).

### C. Section 1983

Section 1983 provides that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. To state a claim pursuant to Section 1983, a plaintiff must allege that the challenged conduct was "committed by a person acting under color of state law" and that the conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting

Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 does not create any independent substantive rights, but rather is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999) (citing Okla. City v. Tuttle, 471 U.S. 808, 816, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985)).

1. Claims Against Suffolk County Sheriff Vincent DeMarco

"[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Back v. Hastings on Hudson Union Free School Dist., 365 F.3d 107, 122 (2d Cir. 2004) (internal quotations and citation omitted); see also Platt v. Incorporated Village of Southampton, 391 Fed. Appx. 62, 65 (2d Cir. Aug. 30, 2010); Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010). "Personal involvement" may be established by evidence of direct participation by the defendant in the challenged conduct, or by evidence of a supervisory official's "(1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." Hayut v. State University of N.Y., 352 F.3d 733, 753 (2d Cir. 2003); see also Rolon v. Ward, 345 Fed. Appx. 608, 611 (2d Cir. Sept. 4, 2009). "The fact that [a defendant] was in a high position of authority is an insufficient basis for the imposition of personal liability." Al-Jundi v. Estate of Rockefeller, 885 F.2d 1060, 1065 (2d Cir. 1989); see also Back, 365 F.3d at 127. A complaint based on a violation under Section 1983 that does not allege facts establishing the personal involvement of a defendant fails a matter of law. See Costello v. City of Burlington,

5

632 F.3d 41, 48-49 (2d Cir. 2011); Rosa R. v. Connelly, 889 F.2d 435, 437 (2d Cir. 1989).

Plaintiffs have not alleged the direct participation of defendant DeMarco in any of the wrongdoing alleged in their complaint or any basis upon which to find him liable in a supervisory capacity. Accordingly, plaintiffs' claims against DeMarco are dismissed in their entirety with prejudice **unless plaintiffs file an amended complaint alleging the personal involvement of DeMarco in the alleged constitutional deprivations within thirty (30) days from the date this Order is served upon them.**

2. Challenge to the Conditions of Confinement

Reading plaintiffs' complaint liberally, it appears that plaintiffs seek to allege a deliberate indifference claim challenging the condition of confinement at the Suffolk County Correctional Facility. Plaintiffs do not cite to a particular section of the Constitution that they claim have been violated, nor do they allege whether they have been convicted of any criminal charges. Although the Eighth Amendment does not technically apply to pretrial detainees in the context of a deliberate indifference claim, the standard of review for a Fourteenth Amendment Due Process claim for a pretrial detainee is the same as that for an Eighth Amendment claim in the case of a convicted prisoner. Caiozzo v. Koreman, 581 F.3d 631, 72 (2d Cir. 2009); see also Phipps v. DeMarco, No. 11-CV-3717(JS)(ARL), 2011 WL 3667755 (E.D.N.Y. Aug. 19, 2011).

The Eighth Amendment prohibits the infliction of "cruel and unusual punishment," U.S. Const. Amend. VIII, and the Fourteenth Amendment's Due Process clause makes it applicable to the states. Trammell v. Keane, 338 F.3d 155, 161 (2d Cir. 2003) (citing Robinson v. Cal., 370 U.S. 660, 666–67, 82 S. Ct. 1417, 8 L. Ed. 2d 758 (1962)). Although it is clear that the Eighth

Amendment "'does not mandate comfortable prisons,'" it does not permit inhumane treatment of those in custody. Gaston v. Coughlin, 249 F.3d 156, 164 (2d Cir. 2001) (citing Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994) and Rhodes v. Chapman, 452 U.S. 337, 349, 101 S. Ct. 2392, 2400, 69 L. Ed. 2d 59 (1981)).

Claims of poor confinement conditions can be the basis for an Eighth Amendment claim, if such conditions result "'in unquestioned and serious deprivations of basic human needs'" Anderson v. Coughlin, 757 F.2d 33, 35 (2d Cir. 1985) (quoting Rhodes, 452 U.S. at 347, 101 S. Ct. at 2399). But, like other Eighth Amendment claims, a plaintiff must also plead facts reflecting that such conditions were imposed with "deliberate indifference." Wilson v. Seiter, 501 U.S. 294, 297, 111 S. Ct. 2321, 2323, 115 L. Ed. 2d 271 (1991).

Here, although plaintiffs complain generally about the conditions at the Suffolk County Correctional Facility, the allegations do not rise to the level of serious deprivation of human need, see Anderson, 757 F.2d at 35, and plaintiffs do not allege any injuries resulting from the conditions alleged. Compl. at ¶ IV.A. Even if the Court liberally construed the allegations in the complaint as rising to the level of a serious deprivation of human need, plaintiffs have failed to allege that any of these conditions were imposed with the requisite deliberate indifference. Moreover, apart from McGill, the allegations of the other plaintiffs are clearly insufficient in their present form given that they each simply state "[s]ame as McGill" for their complaint. Accordingly, the complaint fails to allege a plausible deliberate indifference claim and, for the reasons set forth above, it is dismissed pursuant to 28 U.S.C. § 1915A (b)(1).

However, because a district court should not dismiss a pro se complaint without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a

valid claim might be stated," Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010), plaintiffs are granted leave to amend their complaint. Plaintiffs are warned that the complaint will be dismissed with prejudice unless they file an Amended Complaint **within thirty (30) days of the date that this Order is served upon them.**

IV. Conclusion

For the foregoing reasons, it is hereby:

**ORDERED** that the plaintiffs' applications to proceed in forma pauperis are granted; and it is further,

**ORDERED** that plaintiffs' claims against DeMarco are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915 and 1915A for failure to state a claim **unless the plaintiffs file an amended complaint alleging the personal involvement of DeMarco in the alleged constitutional deprivations within thirty (30) days from the date this Order is served upon them**, and it is further,

**ORDERED** that plaintiffs' deliberate indifference claims are sua sponte dismissed with prejudice pursuant to 28 U.S.C. §§ 1915 and 1915A, for failure to state a claim **unless the plaintiffs file an amended complaint in accordance with this order within thirty (30) days from the date this Order is served upon them.**

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962).

**SO ORDERED.**

/s/ Sandra J. Feuerstein
Sandra J. Feuerstein
United States District Judge

Dated: December 6, 2011
Central Islip, New York